Ira J. Kurzban (CA SBN 71563)
ira@kktplaw.com
Kurzban, Kurzban, Tetzeli & Pratt P.A.
131 Madeira Avenue
Coral Gables, Florida 33134
Tel. (305) 444-0060
Fax. (305) 444-3503

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Behring Capital LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>United States Citizenship and Immigration Services,<br><br>    Defendant. | Case No.: 24-cv-2567<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT** |

**INTRODUCTION**

1. This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, to compel United States Citizenship and Immigration Services ("USCIS") to comply with a FOIA request filed by Plaintiff Behring Capital LLC ("Behring").

2. Behring helps sponsor projects under the EB-5 Immigrant Investor Program, a federal visa program administered by United States Citizenship and Immigration Services.

3. Behring is an industry leader in the EB-5 Program. As such, Behring seeks to provide investors, potential investors, and other stakeholders with the most accurate and up-to-date information regarding the EB-5 Program—a task made difficult in recent years by uncertainty

1

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FOIA

surrounding demand for EB-5 visas following the enactment of the EB-5 Reform and Integrity Act of 2022 ("RIA").

4. In furtherance of those objectives, Behring filed a FOIA request with USCIS on March 14, 2024, seeking records relating to USCIS **policies and procedures** on the adjudication of EB-5 petitions and applications, including workflow management, prioritization of petitions/applications, and the assignment of visa codes for petitions potentially classifiable in multiple categories. *See* **Exhibit A (FOIA request)**. As explained in the FOIA request, these records are crucial for Behring to analyze potential visa retrogression, to accurately advise investors, and to help enhance transparency and integrity in the EB-5 Program.

5. USCIS acknowledged receipt of the FOIA request and assigned the request **receipt number COW2024002272**.

6. USCIS has not produced any documents in response to Behring's FOIA request.

7. Through this lawsuit, Behring seeks to compel USCIS's response to its March 14, 2024 FOIA request.

## JURISDICTION

8. This Court has jurisdiction pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction under 28 U.S.C. § 1331.

9. The Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

## VENUE AND INTRADISTRICT ASSIGNMENT

10. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

11. Pursuant to Local Rule 3-2(c) and (d), assignment to the San Francisco or Oakland Division is proper because a substantial portion of the events giving rise to this action occurred in this district and division and because Plaintiff Behring is headquartered in Contra Costa County.

## PARTIES

12. Plaintiff Behring Capital LLC ("Behring") is an industry leader under the EB-5 Immigrant Investor Program. As such, Behring seeks the most up-to-date information about post-RIA EB-5 filings and USCIS staffing levels so that it can accurately advise potential investors about supply and demand for EB-5 visas. Behring therefore has a compelling need for, and a vital interest in, the information sought in the FOIA request.

13. Defendant USCIS is a component of the Department of Homeland Security. It is also an "agency" within the meaning of 5 U.S.C. § 522(f)(1). USCIS has possession, custody, and control over records responsive to Behring's FOIA request.

## STATEMENT OF FACTS

**A. Statutory Framework**

14. FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 522(a)(3)(A).

15. In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. 5 U.S.C. § 552(a)(6)(A).

16. An agency must comply with a FOIA request by issuing a determination within 20 business days of receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

17. The determination "must at least inform the request of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to

withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 771 F.3d 180, 186 (D.C. Cir. 2013).

18. An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

19. An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(B)(ii).

20. An agency's failure to comply with any timing requirement is deemed a constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

21. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

**B. Factual Background**

22. Under the EB-5 Program, 8 U.S.C. § 1153(b)(5), foreign investors can obtain lawful permanent residency in the United States if they invest substantial capital in a job-creating business.

23. Obtaining full permanent residency in the United States through the EB-5 Program involves several steps. First, the investor must file Form I-526 or I-526E with USCIS's Immigrant Investor Program Office ("IPO"). *See* 8 C.F.R. § 204.6(a). If the I-526 petition is approved, the investor must then apply for adjustment of status with USCIS, or seek an immigrant visa from the

State Department abroad. Upon a grant of adjustment of status or entry to the United States on an EB-5 visa, the investor and his or her dependents obtain lawful permanent residence on a conditional basis. Finally, within the 90-day period preceding the investor's two-year anniversary of obtaining conditional residency, the investor must file Form I-829 with the IPO to remove the conditions on the investor's permanent residency. *See generally* 8 C.F.R. § 216.6.

24. In 2022, Congress enacted the EB-5 Reform and Integrity Act ("RIA")—the first major statutory overhaul to the EB-5 Program since regional centers were created in the early 1990's.

25. Among other things, the RIA created new categories of EB-5 visas (including visas for "rural," "infrastructure," and projects in areas of high unemployment) with their own visa "set asides." Under the Government's interpretation, upon enactment of the RIA, these "set asides" were not subject to any visa backlogs. However, as post-RIA EB-5 visa petitions are approved and investors acquire EB-5 visas, these set-aside visa numbers are expended, creating a potential for visa backlogs in these set-aside visa categories.

26. In order to better predict (and thereby accurately advise investors and potential investors) as to the demand and potential backlogs in these new "set aside" categories, among other related matters, Behring filed a FOIA request seeking records relating to **policies and procedures** on the adjudication of EB-5 petitions and applications, including workflow management, prioritization of petitions/applications, and the assignment of visa codes for petitions potentially classifiable in multiple categories. *See* **Exhibit A (FOIA request)**.

27. Obtaining these records is critical to Behring's ability to accurately advise investors and potential investors, as well as the EB-5 stakeholder community writ large. The policies

requested have a direct bearing on EB-5 investors—especially those from countries most likely to face visa backlogs and retrogression, to understand the probability that they will be subject to backlogs prior to obtaining residency in the United States. The disclosure of such records, moreover, is critical to meet the goals of the RIA, which include increasing transparency and accountability under the EB-5 Program and to combat fraud and misrepresentation. Without these records, investors cannot make informed decisions about which set-aside categories (and therefore which projects) are the best investment vehicles given their individual circumstances.

28. USCIS has issued Behring an acknowledgement letter for the FOIA request and assigned the request a control number (**COW2024002272**). *See* **Exhibit B**.

29. To date, however, USCIS has produced no records in response to Behring's FOIA request.

## CAUSES OF ACTION

### Count I:
### Failure to Respond to Request Within Statutory Timeframe

30. Plaintiff incorporates paragraphs 1 through 28, as if fully stated in this Count.

31. USCIS has failed to respond to Plaintiff's March 14, 2024 FOIA request within the statutorily mandated timeframe, in violation of FOIA, 5 U.S.C. §§ 522(a)(6).

### Count II:
### Failure to Produce Responsive Records

32. Plaintiff incorporates paragraphs 1 through 28, as if fully stated in this Count.

33. USCIS has failed to make reasonable efforts to search for records responsive to Plaintiff's March 14, 2024 FOIA request in violation of FOIA, 5 U.S.C. § 552(a)(3).

34. USCIS failed to disclose and produce any records responsive to Plaintiff's March 14, 2024 FOIA request in violation of 5 U.S.C. § 552(a)(3)(A).

**ATTORNEYS' FEES**

35. Plaintiff incorporates paragraphs 1 through 34 herein, as if fully stated in this Count.

36. Plaintiff is entitled to recover its reasonable attorneys' fees and litigation costs in connection with this lawsuit. 5 U.S.C. § 552(a)(4)(E)(i).

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment on its behalf and:

a. Declare USCIS's refusal to disclose the records request by Plaintiff to be unlawful and in violation of FOIA;

b. Order USCIS to immediately release and deliver to Plaintiff all records responsive to Plaintiff's request;

c. Enjoin USCIS from withholding records responsive to Plaintiff's request;

d. Award Plaintiff costs and reasonable attorneys' fees incurring in bringing this action;

e. Grant such other relief as the Court may deem just and proper.

Dated: April 29, 2024                                  Respectfully submitted,

                                                       /s/ Ira J. Kurzban
                                                       IRA KURZBAN
                                                       ira@kktplaw.com

KURZBAN KURZBAN
TETZELI & PRATT, P.A.
131 Madeira Avenue
Coral Gables, Florida 33134
Tel:     (305) 444-0060
Fax:    (305) 444-3503

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FOIA